**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | No: 7:20-CR-33 |
| v. | : | |
| | : | |
| KARA E. WRIGHT, | : | |
| | : | |
|     Defendant | : | |
| _____ | : | |

## CONSOLIDATED MOTION FOR DISCOVERY

### A. MOTION FOR A LIST OF GOVERNMENT WITNESSES AND AUTHORITY THEREFOR

Comes now Defendant, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned counsel of record, Rick D. Collum, and moves this Court for an entry of an order directing the Government to furnish him with a list of witnesses it intends to call at trial.

### AUTHORITY

The general discretion of the Federal District Court to compel the government to identify its witnesses is widely acknowledged.  See, United States v. Campagnuolo, 592 F.2d 852, 843 (5th Cir., 1979). ("[I]t is within the sound discretion of the district judge to make any discovery order that is not barred by any higher authority...[A discovery order] is not invalid because it is broader in scope that the Brady requirement."); Downing v. United States, 348 F.2d 594 (5th Cir., 1975).  Indeed, the more enlightened procedure calls for the pre-trial disclosure not only a witness, but their statement.

1

See, **ABA Standards, Discovery and Procedure Before Trial**, Sec. 2.1(a)(i)(1970).

Pre-Trial identification of the government's witnesses will afford Defendant the opportunity to interview them in order to fully prepare his defense.  The tremendous value of these interviews was fully recognized by the former Fifth Circuit in <u>United States v. Opager</u>, 589 F.2d 799, 804 (1970):

> The importance to litigants of interviewing potential
>
> witnesses is undeniable.  In particular, in criminal cases,
>
> where the defendant's very liberty is at stake, such
>
> interviews are especially crucial.  Thus, it is that one of
>
> the first things responsible counsel does in preparing a
>
> case is to seek to interview those witnesses involved
>
> in the litigation.

Wherefore, Defendant prays that this Court order the government to produce a list of witnesses it intends to call at trial.

B. <u>**MOTION AND AUTHORITY FOR ACCESS TO PROSPECTIVE GOVERNMENT WITNESSES**</u>

Comes now the Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned counsel of record, and moves this Honorable Court to grant his access to prospective Government and other witnesses for interview purposes and as grounds therefore states as follows:

In preparation for trial in this case it is essential for Defendant's counsel to interview witnesses whose locations and identities are at this time unknown to the Defendant.  In any of these

circumstances, they are under the control of the Government.

Defendant has an absolute right to access prospective Government witnesses and other witnesses who are essential to the preparation of his defense.  United States v. Rice, 550 F.2d 1364, 1374 (5th Cir., 1977); United States v. Brown, 555 F.2d 407 (5th Cir., 1977); United States v. Murray, 492 F2d 178, 194, (9th Cir., 1973).  In fact, counsel has a "duty to interview prospective witnesses and prepare questions for  trial." United States v. Alvarez, 580 F2d 1251, 1257 (5th Cir., 1978). United States v. Walton, 602 F.2d 1176, 1179-1180 (4th Cir., 1979).

Concomitantly, of course, a witness has the right to refuse to be interviewed or to dictate the circumstances under which he or she will submit to an interview.  United States v. Dryen, 423 F.2d 1175 (5th Cir. 1970).

Wherefore, Defendant moves that this instant motion be granted.

## C. **MOTION FOR EXCLUSION OF INVOLUNTARY ADMISSIONS AND CONFESSIONS**

Comes now the Defendant named above, and moves the Court to suppress and exclude from evidence in the trial of this case any comments or purported confessions that the defendant may have made at the time of his arrest and subsequent incarceration.  As grounds for his motion, the defendant shows that such statement or confessions were made without the defendant first being informed of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  The defendant further requests a hearing pursuant to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

Wherefore, the Defendant prays that his motion be granted.

## D. **MOTION FOR COPY OF DEFENDANT'S PRIOR CRIMINAL RECORD**

Please take notice that the Defendant in the above-entitled case, hereby requests that you

furnish to defendant a copy of his prior criminal record, if any, which is within your possession,

custody, or control, and the existence of which is either known to your or, by the exercise of due

diligence, may become known to you.

E.  **MOTION FOR DEFENDANT'S STATEMENTS**

You are hereby requested to permit the above-captioned Defendant to inspect and copy or

photograph the following:

1.      The written confessions, admissions and/or statements of the Defendant,

given to the Assistant United States Attorney and other law enforcement officers, after the

Defendant's arrest.

2.      Any and all other confessions, admissions and/or statements made by

Defendant to government agents, at any time or place, which have been reduced to writing.

3.      Any and all other confessions, admissions, and/or statements made by

the Defendant to government agents, at any time or place, whether or not the same have been

reduced to writing.

4.      Any and all confessions, admissions and/or statements made by any co-

defendant, or other person, to the Assistant United States Attorney or other law enforcement agents,

at any time or place, which incriminate or exculpate the defendant, whether or not the same have

been reduce to writing.

Defendant further requests that you specify the time, place and manner in which the

foregoing will be made available for his inspection and copying or photographing.

F.   **MOTION FOR DISCOVERY AND INSPECTION OF ALL DOCUMENTS AND TANGIBLE OBJECTS TAKEN FROM DEFENDANT AT TIME OF ARREST**

4

Please take notice that the above-named Defendant in the above-entitled case, hereby requests, pursuant to Rule 16(a) (1) (C) of the Federal Rules of Criminal Procedure, to inspect and make copies of any and all documents, papers, envelopes, and any and all other things taken from the possession of the defendant, from his residence, or in his presence at the time of his arrest.

G.   **MOTION FOR DISCLOSURE OF ANY PROMISES, AGREEMENTS, OR UNDERSTANDINGS BETWEEN THE GOVERNMENT AND ANY GOVERNMENT WITNESS**

Please take notice that the above-named Defendant in the above-entitled case, hereby requests that you disclose to him, within a reasonable time prior to trial, the existence and the substance of any promises of immunity, leniency or preferential treatment offered to any Government witness.

H.  **DEFENDANT'S REQUEST OF DISCLOSURE OF ALL SENTENCING GUIDELINE INFORMATION**

Comes now the Defendant in the above-styled criminal action, by and through his undersigned counsel, and requests pursuant to Fed. R. Crim. P. 8, 11, 14 and 16 and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Government to disclose prior to trial the following sentencing guideline information:

1.      The offense guideline or guidelines the Government presently contends is applicable to the charges against the Defendant.

2.      The base offense level the Government presently contends is applicable to the charges against Defendant, including, a showing of the method by which the Government contends the charges should or should not be grouped.

3.      Any aggravating specific offense characteristic the Government presently believes should be applicable to the charges against Defendant.

4.      Any Chapter Three "adjustments' regarding victim, role, obstruction or

acceptance of responsibility which the Government presently believes are applicable to the case.

5.      Whether the Government intends to take a position that the "criminal

livelihood" provisions of 4B1.3 apply to Defendant.

6.      This Defendant's prior criminal record, including all judgments conviction

and sentences imposed thereon.

7.      The grounds, if any, upon which the Government may argue for an upward departure

from the applicable guideline range.

8.      The existence of any facts, information or other evidence that could give

rise to an argument for a downward departure from the applicable guideline range, including, but not

limited to the provisions of 4A1.3, 5H and 5K.

> i.      <u>Production of the Requested Information is Required
> by the Sixth Amendment and is Necessary in Order to
> Render the Effective Assistance of Counsel.</u>

Early disclosure of Sentencing Guideline information is essential to secure the Defendant's

right to effective assistance of counsel under the Sixth Amendment.  Defense counsel cannot provide

effective assistance ignorant of existing and readily accessible information that materially affects

assessment of the options available to a client and the likely consequences that would flow from each

option.

Counsel has a Sixth Amendment duty to apprised the Defendant of the likely range of

punishment in this case where such a duty has been executed improperly, courts have not been

reluctant to castigate the lawyer.  See, <u>Iaea v. Sunn</u>, 800 F.2d 861, 865 (9th Cir., 1986) (attorney's

gross mischaracterization of range of sentences

constitutes deficient representation); <u>United States v. Rumery</u>, 698 F.2d 764, 766 (5th Cir., 1983) (counsel's overestimate of Defendant's exposure constitutes deficient representation); <u>United States v. Byrd</u>, 669 F. Supp. 861, 866 (N.D. Ill., 1987) counsel's inaccurate sentencing predications held "objectively unreasonable" under <u>Strickland</u> test); cf. <u>Hill v. Lockhard</u>, (474 U.S., 52 (1985) (attorney's failure to inform client of relevant sentencing information can constitute ineffective assistance) (White, J., concurring).

The Sentencing Guidelines do affect the nature of counsel's obligation.  The guidelines are mandatory in nature, 18 U.S.C. Section 3553(b), and "bind judges and courts in the exercise of their uncontested responsibility to pass sentence in criminal defendants are to receive."  Id. at 676 (Scalia, J., dissenting).  The new procedures of the Sentencing Reform Act and the Sentencing Guidelines severely restrict the availability of probation and in fact require the imposition of minimum terms of imprisonment unless the Court finds the existence of a mitigating circumstance, "of a kind, or to be degree" not adequately considered by the Commission in determining the guidelines.  A decision to depart from the applicable guideline range subject to appellate review.  No longer does knowledge of and experience with a particular judge's sentencing patterns or particular prosecution policies supply counsel with the tools necessary to advise a client intelligently on the sentencing advantages of pleading guilty.

Familiarity with the Guidelines manual does not provide the crucial information counsel needs, for much of the application procedures is guesswork, absent information in the possession of the Government.

      ii.     <u>The Government must Disclose Favorable Sentencing Information</u>

<u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny require the Government to disclose

all favorable evidence that is material either to "guilt <u>or punishment</u>".  Id. at 87 (emphasis added).  Sentencing Guideline information often will include favorable factors that mitigate the Defendant's exposure to prison.  These factors include, but are not limited to the following:

1.      Whether the Defendant has accepted responsibility for his offense;

2.      Whether the Defendant has provided "substantial assistance" to the authorities;

3.      Whether the Defendant was a minor or minimal participant in the offense activity;

4.      Whether the victim contributed to provoking the offense behavior;

5.      Whether the Defendant acted under duress or coercion not rising to a complete defense; and

6.      Whether the Defendant suffered from diminished capacity at the time of the offense.

All <u>Brady</u> material relevant to the Sentencing Guideline factors is requested.

## I.  <u>MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION AND AUTHORITY THEREFORE AND RESERVATION OF RIGHT TO MOVE TO SUPPRESS</u>

Comes now Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned attorney of record, and moves the Court pursuant to Rule 12, the 4th Amendment to the United States Constitution, and <u>Brady v. Maryland</u>, 373 U.S. 83 (1968) and its progeny for entry of an order directing the government to specify all evidence which is arguably subject to a motion to suppress and which it intends to use at

trial.  This request includes, but is not limited to, a demand for production of any search warrant and related affidavit used to procure, or attempt to procure, evidence related to Defendant or the subject indictment.

## **AUTHORITY**

Under Rule 12 motions to suppress evidence must be raised prior to trial if it is possible to do so.  In order to expedite the preparation for trial and to avoid unnecessary interruptions during trial to hear suppression issues, a means is not provided under Rule 12 for early notice and pre-trial litigation of such questions.  That is the purpose of the motion made here calling upon the government to advise the Defendant of any specific evidence which is arguable subject to a motion to suppress and which it intends to use at trial.  By such disclosure, the defendant is altered to the necessity if it exists, of making a motion to suppress.

The motion requests notice of evidence "arguably" subject to suppression.  This is as it should be.  If any argument properly can be made, counsel is entitled to the opportunity to make it.  Certainly, the attorneys for the government should not sit as judges and decide which issues will be exposed to the adversary process and which will be hidden from it.  Indeed, the government conceded as much as in Alderman v. United States, 394 U.S. 165, 181 (1969), where it agreed that surveillance records "arguably relevant" records should be turned over directly to defense counsel. 394 U.S. at 182, 184, n. 15.

This motion expressly requests any and all such warrants and affidavits related which were obtained by any sovereign and directed in whole or in part at Defendant or any place in which Defendant has a reasonable expectation of privacy.  Defendant also expressly reserves the right to move to suppress any evidence obtained pursuant to any warrant.

There is no reason to permit a "trial by ambush."  See, <u>United States v. Kelley,</u> 420 F.2d 26, 29 (2nd Cir., 1969).  The motion is manifestly in the interest of judicial economy, is necessary to safeguard Defendant's constitutional rights, and therefore, should be granted.

J.  **MOTION FOR DISCLOSURE OF BRADY MATERIALS INCLUDING CRIMINAL RECORDS OF GOVERNMENT**

Comes now the Defendant, by and through Defendant's counsel of record, and pursuant to Federal Law and the Constitution of the United States, and requests the Government to reveal and moves the Court to order the Government to reveal and all material exculpatory in nature or arguable exculpatory in nature, in accord with the requirements of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Defendant further requests an *in camera* inspection of the Government's file to make an independent determination of the existence of such material.

Defendant further requests that the criminal records of the Government's witnesses by disclosed under <u>Brady</u>.

K.  **MOTION FOR DISCLOSURE OF IDENTITY OF EXPERTS**

Comes now Defendant, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned counsel of record, and moves this Honorable Court to grant his **MOTION FOR DISCLOSURE OF IDENTITY OF EXPERTS** and therefore showing the following:

The identity of the expert is no less important than the identification of the tests and procedures utilized.  The qualifications to perform a test that the individual expert asserts go hand and hand with the test.  The identity, the qualifications of the person identified, and the opportunity to interview, are significant elements of the Confrontation Clause of the United States Constitution.

Wherefore, Defendant requests:

1.     The name, address, current telephone number and qualifications of any expert witness intended to be called by the Government in the trial of this case.

2.     Any and all expert analyses and conclusions concerning any scientific reports, records, papers, or documents seized or obtained by the Government in connection with its investigation of this case.

## L.  **MOTION FOR DISCLOSURE OF INTENT TO USE RULE 16 EVIDENCE OR EVIDENCE SUBJECT TO A MOTION TO SUPPRESS**

Please take notice that the above-captioned Defendant hereby requests that you notify him pursuant to Rule 12 (d) (2) of the Federal Rules of Criminal Procedure of your intent to use any evidence which defendant may be entitled to discover under Rule 16.  Further, the Defendant requests that you advise of any evidence or statements which may be subject to a Motion to Suppress.

## M.  **MOTION (WITH SUPPORTING BRIEF) FOR DISCOVERY AND INSPECTION**

Comes Now, the Defendant above-named, by and through his undersigned counsel, and respectfully moves this Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, and Brady v. Maryland, 373 U.S. 83 (1963), to order the Government to produce for inspection and copying the following which are known to or are in the possession of the government or any of its agents or which through due diligence would become known from the investigating officers, or witnesses or persons having knowledge of this case.

        1.     **NOTICE OF OTHER CRIMES OR UNCHARGED MISCONDUCT:**

**AND AND ALL "OTHER CRIMES" OR UNCHARGED MISCONDUCT WHICH THE GOVERNMENT INTENDS TO OFFER EITHER IN ITS CASE-IN CHIEF OR IN REBUTTAL WHICH MAY BE OBJECTIONABLE EITHER UNDER RULE 403 OR 404 OF THE FEDERAL RULES OF EVIDENCE.**

This defendant will move *in limine* for an order directing the U.S. Attorney or his agents to avoid any reference whatsoever before the jury to "other crimes" or uncharged misconduct by the defendant prior to a ruling from this Court. The Court should order the Government to disclose same prior to trial so that the Defendant may review such proposed evidence and present argument thereon, prior to this Court's ruling.

**2.      "CATCH-ALL" HEARSAY EXCEPTIONS:**

**THE SUBSTANCE OF ANY HEARSAY STATEMENTS THE GOVERNMENT INTENDS TO OFFER UNDER RULES 803(24) OR 804(B) (5) OF THE FEDERAL RULES OF EVIDENCE.**

Defendant intends to object to the proffer of hearsay testimony offered at trial and intends to move to suppress such testimony at a hearing under Rule 104(a) of the Federal Rules of Evidence. Where the Government seeks to offer such hearsay testimony under the catch-all "other exceptions" of Rules 803 (24) and 804(b) (5) these Rules expressly require notice of same prior to trial.

"A statement may not be admitted under this exception unless the proponent of it makes known to the adverse party SUFFICIENTLY IN ADVANCE OF THE TRIAL OR HEARING to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant." (emphasis added). Rules 803(24); 804(b) (5), Federal Rules of Evidence.

Therefore, pursuant to the advance notice require of such rules, the Government is required to disclose the substance of any such statements it intends to offer and Defendant hereby makes

demand for same.

### 3.    CO-CONSPIRATOR'S HEARSAY EXCEPTIONS:

**THE SUBSTANCE OF ANY AND ALL STATEMENTS WHICH THE GOVERNMENT ALLEGES ARE ADMISSIBLE AS STATEMENTS OF A CO-CONSPIRATOR MADE DURING THE COURSE AND IN FURTHERANCE OF THE CONSPIRACY. [RULE 801 (d) (2) (E), F.R.E.; RULE 16 (a) (1) (A), F.R.Cr.P.].**

The rationale underlying the above-stated rule is that each co-conspirator is the "agent" of the other once a conspiracy is shown to exist.  As a Defendant's agent, statements made by co-conspirators within the scope of that agency and in furtherance of same are said to be impliedly authorized by the Defendant as principal and are therefore admissions by the Defendant.  Given that such co-conspirator's statements are admissible because they are treated as statements of or adopted by the Defendant, then such statements should be discoverable as the Defendant's own statement pursuant to Rule 16 (a) (1) (A) on the same theory.  United States v. Fine, 413 F.Supp 740 at 742, (W.D. Wis 1976); United States v. Mays, 40 F.Supp. 573 at 573-76, (E.D. Tex. 1978); United States v. Bloom, 78 F.D.R. 691 at 618, (E.D. Pa. 1977); United States v. Thevis, 84 F.D.R. 47 (N.D. Ga. 1979); United States v. Brighton Building and Maintenance Co., 435 F.Supp. 222, aff'd (7th Cir. 1979) 598 F.2d 1011 (N.D. Ill. 1979).  Accordingly, Defendant requests that this Court order the Government to disclose to undersigned counsel such statements as the United States intends to introduce in the above-styled as relate to hearsay statements made by this Defendant's alleged co-conspirators.

### 4.    DOCUMENTS AND TANGIBLE OBJECTS:

**ANY AND ALL BOOKS, PAPERS, DOCUMENTS OR OTHER TANGIBLE OBJECTS WHICH THE GOVERNMENT MAY INTEND TO USE AS EVIDENCE IN THEIR CASE-IN-CHIEF AT TRIAL OR WHICH ARE OBTAINED FROM OR ALLEGED TO BELONG TO OR WERE MADE OF THE DEFENDANT OR TO**

13

**ANY CO-CONSPIRATOR, INDICTED OR NOT, OR WHICH THE GOVERNMENT PLANS TO OFFER IN EVIDENCE IN THIS CASE OR WHICH ARE MATERIAL TO THE PREPARATION OF DEFENDANT'S DEFENSE.**

Rule 16 (a) (1) (C), F.R.Cr.P., authorized the discovery of all books, papers, documents and tangible objects in the possession or control of the Government.

**5.     CRIMINAL RECORD OF ALL WITNESSES:**

**ANY AND ALL CRIMINAL ARREST AND CONVICTION RECORDS OF ALL PERSONS THE GOVERNMENT PLANS TO CALL AS WITNESSES.**

Effective confrontation and cross-examination at trial requires that the criminal records of Government witnesses be produced prior to trial.  Prior convictions are admissible for impeachment purposes, and these convictions may be proved conclusively only by certified copies of convictions. These documents can be obtained only from the Clerk of the Court in the jurisdiction where the conviction occurred.  And, accordingly, pretrial access to arrest and conviction records is necessary to provide information upon the basis of which these documents may be obtained in sufficient time to be of use at the trial herein.

Defendant submits that this evidence constitutes exculpatory material within the meaning of Brady v. Maryland, supra, and therefore production is required as a matter of due process.  The fact that such information would serve to impeach any testimony by said witnesses is sufficient to bring the statement under the scope of Brady since the duty imposed upon the Government by Brady to disclose evidence it has in its possession applies to any information"...favorable to the accused either as direct or impeaching evidence" [emphasis added]. Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968); United States v. Keogh, 391 F.2d 138 (2d Cir. 1968).  Furthermore, the Defendant will be unable to comply with the requirements of Rule 601 (b) requiring advance written notice of intent

to use certain prior convictions for impeachment purposes, where Defendant is deprived of access to such records.

### 6. WITNESS NAMES AND ADDRESSES:

**THE NAMES AND ADDRESSES OF PERSONS WHO HAVE KNOWLEDGE PERTAINING TO THIS CASE OR WHO HAVE BEEN CONTACTED BY THE GOVERNMENT OR THEIR AGENTS IN CONNECTION WITH THIS CASE.**

The names of Government witnesses, or other persons having knowledge of facts regarding the case, should be discoverable by the defense prior to trial. United States v. Leichtfuss, 331 F.Supp. 723 (N.D. Ill. 1971); United States V. Palmisano, 272 F.Supp. 750 at 752 (E.D. Pa. 1957); United States v. Moceri, 359 F.Supp. 431 (N.D. Ohio, 1973); United States v. Baum; 482 F.2d 1325 (2d Cir. 1973); Gregory v. United States, 366 F.2d 185 (D.C. Cir. 1966).

"Witnesses, particularly eyewitnesses to a crime are the property of neither the prosecution nor the defense. Both sides have an equal right, and should have an equal opportunity to interview them." Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966).

And, where the Government has knowledge of individuals whose testimony might be of benefit to the defense, either in exculpation or mitigation, the Government is under a constitutional obligation to disclose the names of such individuals. United States ex rel. Mier v. Wilkins, 326 F.2d 135 (2d Cir. 1964); United States v. Houston, 339 F.Supp. 762 (N.D. Ga. 1972); Brady v. Maryland, 373 U.S. 83 (1963).

The names and addresses of individuals who the Government intends to call as witnesses at the trial is necessary in order to afford the Defendant and his counsel effective confrontation and cross-examination of these witnesses guaranteed by the Sixty Amendment to the Constitution of the

United States, <u>Pointer v. Texas</u>, 380 U.S. 400 (1965), since effective confrontation and cross-examination requires that a Government witness:

> **"... be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood...that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment...and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased, <u>Alford v. United States</u>, 282 U.S. 287 at 691-92.**

**7.      <u>WRITTEN STATEMENTS OR PERSONS NOT CALLED AS WITNESSES</u>:**

**WRITTEN STATEMENTS OF ALL PERSONS IN PARAGRAPH 6 WHO THE GOVERNMENT DOES <u>NOT</u> PLAN TO CALL AS WITNESS.**

The written statements in the possession of the Government of individuals who the Government does not plan to call as witnesses which have been requested in Paragraph 8 hereof are as discoverable under the provisions of Rule 16(A) (1) (C), F.R.Cr.P., as such statement would not be obtainable at any time under the Jencks Act or Rule 26.2, F.R.C.P., since those statutes provide for discovery only of statements of witnesses who actually testified at trial.  Accordingly, pursuant to Rule 16 (a) (1) (C), F.R.Cr.P., Defendant should be granted discovery of the statements of any witnesses whom the Government does not intent to call as witnesses at trial.  <u>United States v. Gleason</u>, 265 F.Supp. 880 at 887 (S.D.N.Y. 1967); <u>United States v. Ladd</u>, 48 F.R.D. 266 at 267 (D. Ala. 1969); 8 <u>Moore's Federal Practice</u>, Paragraph 16.05 (4).

Since the language of the exemption in Rule 16 (a) (2) is based upon the assumption that statements made to Government agents are discoverable at trial under the Jencks Act or Rule 26.2 F.R.Cr.P., any "statement" which is not discoverable prior to trial pursuant to said statute should be discoverable under the provisions of Rule 16 (a) (2), F.R.Cr.P. <u>Davis v. United States</u>, 413 F.2d 1226 (5th Cr. 1969).

8.      **INFORMANT'S NAME, IDENTITY AND WHEREABOUTS:**

The name, identity and whereabouts of the informer who gave information leading to the arrest and/or indictment or Defendant, as well as whether said informer was paid by the Government for such information requested herein, is discoverable where said informant is a witness to or has knowledge of facts relevant to the case.  United States v. Barnes, 486 F.2d 776 (8th Cir. 1973).  See also: Rovario v. United States, 353 U.S. 63 at 64 (1967); United States v. Soloman, 26 F.R.D. 397 (N.D. I967); Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968); United States v. Silva, 580 F.2d 144 (5th Cir. 1978); United States v. Ayala, 643 F.2d 244 (5th Cir. 1981).

The informer's level of involvement with the criminal activity is an important consideration. Suzarez v. United States, 582 F.2d 1007, 1011, (5th Cir. 1978); Alvarez v. United States, 525 F.2d 980, 982 (5th Cir.), cert. denied, 425 U.S. 995 (1976).  The more active the participation, the greater the need for identification.  Unaited States v. Gonzalez, 606 F.2d 70 (5th Cir. 1979); United States v. Ayala, supra, at 246.

And even where the "informer was not an integral member of the criminal activity" his identity may be required where he was more than a "passive observer" or "tipster".  United States v. Ayala, supra, at 246.

9.      **REPORTS OR CONCLUSIONS OF SCIENTIFIC TESTS OR ANALYSIS:**

**ANY AND ALL WRITTEN REPORTS OF ANY SCIENTIFIC ANALYSIS OR CHEMICAL ANALYSIS CONDUCTED BY THE GOVERNMENT OR ANY OF ITS AGENTS OR ANYONE AT ITS DIRECTION.  FURTHER DEFENDANT REQUESTS THAT HE BE PROVIDED WITH THE ACTUAL OBJECT, ITEMS OR SUBSTANCES TESTED IN ORDER TO OBTAIN HIS OWN INDEPENDENT EXPERT ANALYSIS OF SAME.**

Discovery of the examinations, tests and experiments requested herein is authorized by Rule

17

16 (a) (1) (D), F.R.Cr.P.

### 10.    EXEMPLARS OR TESTS, FINGERPRINT IMPRESSIONS:

**ANY AND ALL HANDWRITING OR VOICE EXEMPLARS OR TESTS, FINGERPRINT IMPRESSIONS, OR OTHER MATERIALS OBTAINED BY WHATEVER MEANS OR PROCESS WHICH THE GOVERNMENT INTENDS TO OFFER INTO EVIDENCE OR UTILIZE AT THE TRIAL HEREIN, WHETHER SAME WERE THOSE OF DEFENDANT OR WERE THOSE OF SOME OTHER PERSON OR PERSONS KNOWS OR UNKNOWN, AND ANY AND ALL COMPARISONS OR WRITTEN REPORTS OF TESTS, ANALYSIS OR OTHER EXAMINATION CONDUCTED UPON SAME BY THE GOVERNMENT OR ANY OF ITS AGENTS OR ANYONE AT ITS DIRECTION.**

See Paragraph 9, argument above.

### 11.    TRANSCRIPT OF GRAND JURY TESTIMONY:

**THE TRANSCRIPT OF TESTIMONY GIVEN BY ANY PERSON BEFORE THE GRAND JURY IN THIS CAUSE, INCLUDING BUT NOT LIMITED TO, THE PRECISE NATURE OF ANY STATEMENTS ATTRIBUTABLE TO THE DEFENDANT.**

The transcript of testimony of individuals who testified before the Grand Jury in this case which is requested herein is discoverable pursuant to Rule 16 (a) (1) (C), F.R.Cr.P., since such transcripts are "documents" under the rule.  United States v. Hughes, 413 F.2d 1244 at 155-57 (5th Cir. 1969).

Grand Jury testimony should be disclosed anytime the Government demonstrates no need for secrecy, Nowlin v. United States, 395 F. 2d 283 at 286 (5th Cir. 1968), and the defense shows a semblance of need (e.g. where, as here, said Grand Jury witnesses are individuals the Government intends to call at trial), United States v. Machi, 324 F.Supp. 153 (D.C. Wis. 1971); Allan v. United States, 390 F.2d 482 (D.C. Cir. 1969).  In the instant case, Defendant, Richard Simpson, is indicted under a most general indictment.  The government has revealed nothing as of the filing of this

motion in the nature of discovery.  It is clear that the possibility of a mistake, error, negligence or misconduct exists and that no harm could come from granting the requested disclosure.

## N. **MOTION FOR DISCOVERY AND INSPECTION OF ALL DOCUMENTS AND TANGIBLE OBJECTS MATERIAL TO THE DEFENSE OR INTENDED FOR USE BY THE GOVERNMENT**

Please take notice that the above-named Defendant in the above-entitled case, hereby requests, pursuant to Rule 16 (a) (1) (c) of the Federal Rules of Criminal Procedure, that the government allow him (1) to inspect and copy all and any books, papers, documents, videotapes, photographs, tangible objects, or copies or portions thereof, that are within the government's possession or custody; and (2) to inspect all and any buildings or places where are material to the preparation of defendant's defense or are intended for use by the government as evidence in its case-in-chief at the trial.

Please indicate the date, time, and location where such inspection and/or copying may be made.

## O. **MOTION FOR INFORMATION REGARDING PRIOR BAD ACTS OF DEFENDANT AND BRIEF IN SUPPORT THEREOF**

Comes now Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned attorney of record, and moves this Court for an order directing the government to disclose whether or not it intends to introduce evidence in its case in chief under Rule 404(b) of the Federal rules of Evidence.

Pursuant to Rule 404(b), the government may introduce in its case in chief prior or subsequent criminal conduct of this defendant which is not charged on the face of the indictment.

If the government does in fact intend to introduce such evidence, defendant further requests that the government be ordered to disclose the name and address of each witness who will testify to said activity, a description of the conduct which the government intends to introduce into evidence, and the date and place of conduct.

Defendant, specifically requests any evidence regarding other offenses related to the activities which the government intends to introduce at trial.

P. **MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION AND AUTHORITY THEREFORE AND RESERVATION OF RIGHT TO MOVE TO SUPPRESS**

Comes now Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned attorney of record, and moves the Court pursuant to Rule 12, the 4th Amendment to the United States Constitution, and Brady v. Maryland, 373 U.S. 83 (1968) and its progeny for entry of an order directing the government to specify all evidence which is arguably subject to a motion to suppress and which it intends to use at trial. This request includes, but is not limited to, a demand for production of any search warrant and related affidavit used to procure, or attempt to procure, evidence related to Defendant or the subject indictment.

## AUTHORITY

Under Rule 12 motions to suppress evidence must be raised prior to trial if it is possible to do so. In order to expedite the preparation for trial and to avoid unnecessary interruptions during trial to hear suppression issues, a means is not provided under Rule 12 for early notice and pre-trial litigation of such questions. That is the purpose of the motion made here calling upon the

20

government to advise the Defendant of any specific evidence which is arguable subject to a motion to suppress and which it intends to use at trial.  By such disclosure, the defendant is altered to the necessity if it exists, of making a motion to suppress.

The motion requests notice of evidence "arguably" subject to suppression.  This is as it should be.  If any argument properly can be made, counsel is entitled to the opportunity to make it.  Certainly, the attorneys for the government should not sit as judges and decide which issues will be exposed to the adversary process and which will be hidden from it.  Indeed, the government conceded as much as in <u>Alderman v. United States</u>, 394 U.S. 165, 181 (1969), where it agreed that surveillance records "arguably relevant" records should be turned over directly to defense counsel.  394 U.S. at 182, 184, n. 15.

This motion expressly requests any and all such warrants and affidavits related which were obtained by any sovereign and directed in whole or in part at Defendant or any place in which Defendant has a reasonable expectation of privacy.  Defendant also expressly reserves the right to move to suppress any evidence obtained pursuant to any warrant.

There is no reason to permit a "trial by ambush."  See, <u>United States v. Kelley,</u> 420 F.2d 26, 29 (2nd Cir., 1969).  The motion is manifestly in the interest of judicial economy, is necessary to safeguard Defendant's constitutional rights, and therefore, should be granted.

Q.   **<u>MOTION FOR TANGIBLE AND SEIZED ITEMS AND BRIEF IN SUPPORT THEREOF</u>**

Comes now Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned attorney of record, Rick D. Collum, and moves this Honorable Court to grant his Motion for Tangible and Seized Items and therefore

shows the following:

Rule 16(A)(1)(C) grants the right of discovery to the Defendant of documents and other tangible objects in the following specified situations:

a.      Items which are material to the preparation of the Defendant's defense;

b.      Those which are intended for use by the Government was evidence in chief at the trial;

c.      Those which were obtained from or belong to Defendant.

The only definition, which the Court must consider, understanding the plain language of this section, is what is material.  It has been held that "materiality", as a concept, includes those matters which the Government intends to use in its case in chief or in its rebuttal case, but it also includes those matters which might tend to rebut or impeach the evidence against a defendant or affect the degree of punishment.  See, United States v. Hughes, 413 F.2d 1244, 1254-55 (5th Cir., 1968) vacated as moot sub. nom., United States v. Gifford-Hill-American, 397 E.S. 93 (1970).  United States v. Picariello, 568 F.2d 222, 227 (1st Cir., 1978).

Wherefore, Defendant requests:

1.      Any and all tangible items obtained from each defendant and alleged co-conspirator, other than the information previously submitted to counsel; and

2.      Any and all items seized as a result of any and all searches of the Defendant or co-defendants or of any property in which they had a reasonable expectation of privacy, other than those items previously submitted to counsel.

R. **MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO AFFIRM OR DENY CERTAIN UNLAWFUL ACTS, DISCLOSURE OF INFORMATION**

**RELATING TO THOSE ACTS AND FOR A TAINT HEARING**

Comes Now Defendant named above, by and through undersigned counsel, and states that he is aggrieved, and moves this Court for a certain order as follows:

1.

Defendant seeks disclosure of evidence obtained by the government which is the primary product of an unlawful act or acts and which was obtained by the exploitation of an unlawful act or acts by the implementation of electronic, mechanical or other devices, in violation of the Constitution of the United States, or of regulation or standards promulgated pursuant thereto.

2.

Defendant further seeks disclosure of whether certain conversations, oral communications or wire communications within the meaning of 18 U.S.C. Section 1250 were intercepted on premises where the Defendant had a reasonable expectation of privacy.

3.

Defendant also seeks disclosure of whether any government witness, informer, or other person was illegally wired for recording conversations with Defendant, or whether any conversations of the Defendant were overheard in any manner by said individuals, and whether recordings were made.

4.

With reference to the items enumerated above, the Defendant seeks the entry of an order directing the prosecutor for the government to answer the following inquiries and requests:

1.      That the prosecutor for the government state in writing the affirmation or denial of each of the above alleged occurrences;

2.      That the prosecutor for the government produce all materials gathered in its illegal acts, including, but not limited to, files, "non files", original tapes, transcripts or taped conversations, logs summarizing or recording portions of the conversations, logs summarizing or recording portions of the conversations and any "airtels" which summarize the information, or any other records of any communications however memorialized;

3.      That the prosecutor for the government state in writing the names of each government agency contacted for the requested information as well as all local agencies contacted for said information as well as all local agencies contacted for said information, that each person in each of the above agencies be named with a description of capacity, that the response be appended and include names and addresses, that each individual contacted supply a sworn affidavit, and that the response of the prosecutor for the government also be sworn;

4.      That, should the government deny the occurrences of any undisclosed wiretapping or electronic eavesdropping, or deny the overhearing of Defendant's communications, or deny surreptitiously recording conversations in a so-called "consensual manner", the Defendant requests the following:

      1.      A sworn statement of denial by each investigative and law enforcement officer who was specifically assigned to and participated in the investigation which resulted in the indictment;

      2.      A sworn statement of denial by the official at each investigative and law enforcement agency who was responsible for any records of any

search conducted.

5.       For entry of an order, directing the government, if it admits the occurrence of any of

the above-described illegal acts, to disclose precise location of each occurrence, and

set a date for a hearing to establish whether or not Defendant has been aggrieved by

such unlawful acts and whether any evidence has been tainted thereby;

6.       For entry of an order directing the government, if it should in the future commence

or occasion any of the acts described above, or discover previously undiscovered

acts, immediately to notify the Court and counsel for Defendant of the same.

WHEREFORE, Defendant prays that this Court grant the instant motion.

S.   **MOTION FOR PRODUCTION OF EVIDENCE FAVORABLE TO DEFENDANT**

Comes Now, Defendant above-named, and hereby requests the government for permission and access to inspect and copy all evidence in the possession of the government, which may be favorable to the defendant as exculpatory in nature.  In the alternative, defendant requests that the government produce evidence in its possession, custody, or control which may be exculpatory in nature.  This request includes, but is not limited to, exculpatory material in the form of reports of interviews with, statements by, and testimony of all persons who have knowledge of the defendant's acts, statements or conduct, and any and all other evidence which is or may be exculpatory in nature.

It is further requested that such evidence be made available to defense counsel within twenty (20) days.  Please indicate the time, date, and place where such evidence may be viewed or copied.

T.   **MOTION FOR PRODUCTION OF PREVIOUS STATEMENTS OF WITNESSES AFTER TESTIMONY FOR GOVERNMENT**

Defendant, by his attorney, moves the court, pursuant to 18 USC Section 3500(b), for an

25

order directing the government to produce any statements of all witnesses called by the government who to testify in this case and which statements are in the possession of the government and relate to the subject matter of the witnesses' testimony.

U.  **MOTION TO ALLOW PARTICIPATION IN VOIR DIRE AND BRIEF IN SUPPORT**

Comes now Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned counsel of record, Rick D. Collum, and requests that this Court, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, permit his attorney to participate in the voir dire examination in this case.

Courts have repeatedly recognized the importance of a defense attorney's participation in voir dire in order to insure the defendant a more effective jury selection process. United States v. Ible, 630 F.2d 389, 394-95 (5th Cir., 1980); United States v. Corey, 625 F.2d 704, 707-708 (5th Cir., 1980); United States v. Ledee, 549 F.2d 990, 993 (5th Cir., 1977).

A defendant has a constitutional right to a fair and impartial trial.  The use of peremptory challenges to select a fair and impartial jury is one of the important rights an accused citizen has at such a trial.  Pointever v. United States, 151 U.S. 396 (1893).  Defendant contends that the instant case requires counsel to conduct probing and sensitive questions regarding potential juror's reactions to a case involving allegations of violations of Federal criminal laws.  In order to insure the effectiveness of these peremptory challenges, Defendant respectfully requests that this Court grant his request to have his attorney participate in the voir dire examination.

V.  **MOTION TO REVEAL THE IDENTITY OF INFORMANT AND REVEAL THE DEAL**

**1.**

Defendant moves the Court for an Order to reveal the identity of the informant and to reveal the deal as this information is favorable to this defendant.

**2.**

The full name of the informant and upon whose information that was related to law enforcement officials upon which the arrest of the defendant was predicated.

**3.**

The full nature and extent of all immunity granted to this informant including but not limited to the nature and the details of all crimes for which the immunity was granted.

**4.**

Whether any consideration has been given or promised to said individual by the prosecution of the Valdosta/Lowndes Drug Task Force and/or any other law enforcement agencies; and if so, the nature and such details of said consideration given or promised.

**5.**

Whether any threats or force were used to make or induce this individual to relate the information upon which law enforcement individuals predicated their arrest of this defendant.

**6.**

Defendant further moves the Court for an Order requiring the District Attorney to produce all records, notes, memoranda, and documents in his possession relating to the grant of immunity, threats, or promises, or any other consideration given or promised to said individual by the office of the District Attorney or any law enforcement agency of Lowndes County or of the State of Georgia.

**7.**

Accordingly, counsel requests that an Order be entered upon the hearing of this Motion to

reveal the identity of the informant and any deal struck with this informant.

W.  **MOTION TO EXAMINE TAPE RECORDED EVIDENCE, TO EXAMINE VIDEO TAPES FOR ACCURACY, AND TO PREPARE TRANSCRIPTS ON DEFENDANT'S BEHALF**

**1.**

Sound and video tapes are admissible into evidence only if a proper foundation is laid.

**2.**

The proper foundation includes:

1.	A showing that the mechanical transcription device was capable of taking testimony;

2.	A showing that the operator was competent to operate the device;

3.	The authenticity and correctness of these recordings must be established;

4.	It must be shown that changes, additions, or deletions have not been made;

5.	The manner of the preservation of the record must be shown;

6.	Speakers must be identified;

7.	It must be shown that the testimony was freely and voluntarily made.

**3.**

Inaudible tapes should be excluded from evidence as untrustworthy.

**4.**

Defendant requests the right to view the video tapes and to prepare his own transcripts.

**5.**

Defendant shows that he has the right to verify and compare video tapes to make sure they

have not been altered.  In preparation for trial, defendant has a fundamental confrontation and due process right to listen, compare, and study the video tapes.

## X.   **MOTION TO REQUIRE GOVERNMENT TO CONDUCT SEARCH OF OTHER GOVERNMENT AGENCIES UNDER THE AUTHORITY OF BRADY V. MARYLAND**

COMES NOW Defendant named above, by and through undersigned counsel, and respectfully moves this Court to require the United States government to conduct a search of all other governmental agencies for any and all exculpatory and/or impeaching evidence for trial or sentencing, and in support thereof shows as follows:

1.

Contemporaneously herewith Defendant has filed and served his request for exculpatory and impeaching information pursuant to Brady v. Maryland, 373 U.S. 85 (1963) and its progeny as recognized by the Federal Rules of Criminal Procedure, the Rules of Evidence and the pronouncement of the Supreme Court of the United States as well as embodied in the standing Pretrial Order of this Court.

2.

Pursuant to such a Brady request, the government has an affirmative duty of inquiry to search the files of all agencies "closely aligned with the prosecution."  United States, ex rel Fairman, 769 F.2d 386, at 391 (7th Cir. 1985).  See: Pennsylvania v. Mims, 480 U.S. 39, 57, 107 S.Ct. 989, at 1001 (1987) (assuming that an extension of Brady exists to unsearched files outside the prosecutor's office).

3.

In extending the Brady duty to searches for evidence, the former Fifth Circuit framed the

issue as one of incentives for the government.  Without the extension "we would be inviting and placing a premium on conduct unworthy of the representatives of the United States government." United States v. Auten, 632 F.2d 478 at 481 (5th Cir. 1981).  Earlier, the former Fifth Circuit opined that an affirmative duty on the part of the government stems from a sense that an inaccurate conviction based on government failure to turn over an easily turned rock is as offensive as one based on government non-disclosure.  See, Calley v. Callaway, 519 F.2d 184, at 223 (5th Cir. 1975) (en banc) (reflecting concern for "inherent fairness").

4.

At least three other Circuits have found an affirmative duty on the government to search files outside its own agency.  See: United States v. Perdomo, 929 F.2d 967 (3rd Cir. 1991); Carey v. Duckworth, 738 F.2d 875 (7th Cir. 1984); United States v. Brooks, 966 F.2d 1500 (D.C. Cir. 1992). Of course these decisions of the former Fifth Circuit are binding precedent in this circuit.  See: Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

5.

The former Fifth Circuit has reached this conclusion in a variety of contexts.  In United States v. Deutsch, 475 F.2d 55 (5th Cir. 1970), the Court reached possible adverse information in the personnel file of the post office employee who testified that the defendants sought to bribe him; while in Auten, supra, the duty reached the key witness' convictions in the FBI and NCIC files.  632 F.2d at 480-481.

6.

At the very least, the Court should require information gathered from these diverse sources to be provided for in camera review.  See, Pennsylvania v. Ritchie, supra; Miller v. Dugger, 820 F.2d

30

1135 at 1136-7 (11th Cir. 1987); <u>United States v. Kiszewski</u>, 877 F.2d 210 at 215-216 (2d Cir. 1989).

WHEREFORE, Defendant requests that this Court specifically enter an order requiring the government to search all files maintained by any branch of the government which may have information "closely aligned" with the interests of the prosecutor's office, the U.S. Attorney's Office in the Middle District of Georgia in this cause, including but not limited to the following: FBI, DEA, Customs, Secret Service, IRS, GBI, NCIC and GCIC, and to conduct an in camera review of the same for <u>Brady</u> material, in a broad sense to try to narrow this indictment down to a reasonable trial of allegation and defense.

Should the Court find an exculpatory information Defendant demands that same be provided to Defendant forthwith.  Further, should the Court find information or evidence of which there is a question as to whether it is exculpatory in nature as guilt or innocence or sentencing, Defendant demands that a hearing be held thereon to conduct a modified in came review on the issue to ensure the defendant's rights, and that justice be pursued in this cause.

Y.   **MOTION TO PRECLUDE PROSECUTOR FROM CONFERRING WITH PROSECUTION WITNESSES**

Comes now Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned counsel of records, Rick D. Collum, and moves this Court for a protective order, directing the prosecutor and any of his assistants or agents to refrain from conferring with prosecution witnesses, during the trial of this case; and in support thereof, show the following:

(A) <u>IT IS "COMMON PRACTICE" AND "APPROPRIATE" TO PRECLUDE A WITNESS FROM CONSULTING WITH COUNSEL DURING THEIR TESTIMONY</u>

1.      The Supreme Court in <u>Perry v. Leeke</u>, 488 U.S. 272, 109 S. Ct. 594,

102 L.Ed.2d 624 (1988) (holding an accused citizen has no right to confer with his counsel during

a brief recess in his testimony) noted

> that cross-examination is more likely to elicit truthful responses if it
> goes forward without the witness having an opportunity to consult
> with...his or her lawyer
> <u>Perry v. Leek</u>, supra., at p. 634.
>
> The reason for the rule (precluding a witness from consulting with
> counsel during his or her examination) is one that applies to all
> witnesses-not just defendants.  It is a common practice for a judge to
> instruct a witness not to discuss his or her testimony with third parties
> until the trial is completed.  Such nondiscussion orders are a corollary
> of the broader rule that witnesses may be sequestered to lessen the
> danger that their  testimony will be influenced by hearing what other
> witnesses have to say, and to increase the likelihood that they will
> confine themselves to truthful statements based on their own
> recollections...Accordingly, it is entirely appropriate for a trial judge
> to decide...that cross-examination is more likely to elicit truthful
> responses if it goes forward without allowing the witness an
> opportunity to consult with third parties, including his or her lawyer.
> <u>Perry v. Leeke</u>, supra., at p. 634.

(B)      <u>WHAT IS GOOD FOR THE GOOSE</u>

2.      To allow for cross-examination of government witnesses without

the benefit of consultation with counsel for the government, would enhance this truth-seeking

function and further the purposes underlying his Sixth Amendment right of confrontation.  As the

Supreme Court reiterated in <u>Green v. Bock Laundry Machine Co.</u>, 490 U.S. 504, 109 S. Ct. 1981,

104 L.Ed.2d 557 (1989):

> The Sixth Amendment to the Constitution guarantees a criminal
> defendant certain fair trial rights not enjoyed by the prosecution.
> <u>Green v. Bock Laundry Machine Co.</u>, supra.

(C)    <u>THE RULE OF SEQUESTRATION</u>

3.    The purpose of O.C.G.A.§24-9-61 would be best served by precluding non-party witnesses from consulting with counsel during their testimony.  The Supreme Court in <u>Perry v. Leeke</u>, supra., held that "[s]uch nondiscussion orders are a corollary" to the witness sequestration rule.

Wherefore, Defendant prays that an order be entered directing Government counsel and their witnesses not to consult during the trial of this case, or in the alternative, not to consult during any interruptions or recesses in this case.

## Z.  **MOTION TO PRESERVE ROUGH NOTES**

Comes now Defendant named above by and through Defendant's counsel of record, Rick D. Collum, and moves the Court to order the Government to preserve all materials, notes, other memoranda and rough notes made by Government witnesses, agents or attorneys in this case. <u>U.S. v. Nabors</u>, 707 F.2d 1294 (11th Cir. 1983).

## AA. **MOTION TO PRODUCE ALL INVESTIGATORY NOTES AND BRIEF IN SUPPORT THEREOF**

Comes now Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned attorney of record, Rick D. Collum, and moves this Court to enter an order, pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, requiring the Government to produce and disclose the following:

1.    Any and all notes relating to any statement given by Defendant;

2.    Any and all notes relevant to this case and relating to a statement given by someone other than Defendant, including any co-defendants or unindicted co-conspirators or

other potential witnesses against Defendant;

      3.     That the Government be required to retain all rough notes taken in connection with the investigation of the instant case;

      4.     That this Court perform an in camera inspection of all notes not disclosed to Defendant and make a determination as to when said notes should be disclosed; and

      5.     Require the Government to make inquiry and to state whether or not any rough notes concerning the instant case have been destroyed and conduct a hearing if any such notes have been destroyed.

Wherefore, Defendant prays that this Court enter an order granting the relief requested herein.

## BB.   **MOTION TO REQUIRE THE GOVERNMENT TO GIVE NOTICE OF ITS INTENTION TO INTRODUCE RULE 608(B) EVIDENCE**

Comes now Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through Defendant's undersigned counsel, Rick D. Collum, and moves this Honorable Court pursuant to Rules 102 and 403 of the Federal Rules of Evidence for an Order directing the Government to provide the defense with notice of its intention to introduce Rule 608(b) (Federal Rule of Evidence) evidence, and to provide the defense, if such evidence is intended to be used, with:

      1.     The specific details of any such alleged conduct;

      2.     Statements of any participants; and

      3.     Any documents containing or evidencing such conduct.

The Defendant requests said information so as to prevent prejudicial surprise at trial.

Wherefore, Defendant prays for an order granting his Motion and for any all other proper

relief.

CC.  **REQUEST FOR INFORMATION UNDER RULE 16**

Comes now Rick D. Collum, attorney for Defendant named above, and requests all that information to which Defendant is entitled under Rule 16 of the Federal Rules of Criminal Procedure, including inspection and copying thereof as allowed by the rule.  In order to avoid copying the rule into this request, specific reference is hereby made to Rule 16 and said Rule 16 is incorporated into this request by reference.

Without intending to limit the scope of this request, the information sough is divided into the following general categories: (a) Statement of Defendant; (b) Defendant's Prior Record; (c) Documents and Tangible Objects; (d) Reports of Examination and Tests; and (e) Expert Witnesses.

DD.  **REQUEST FOR DISCLOSURE OF STATEMENTS OF WITNESSES JENCKS MOTION**

Comes now Defendant named above by and through Defendant's counsel of record, Rick D. Collum, pursuant to 18 U.S.C. §3500 and Jencks v. U.S., 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), and requests the Government to produce any statements of witnesses in order that counsel may adequatley prepare Defendant's defense.  18 U.S.C. §3500 is incorporated herein by reference and Defendant intends by this request to receive all information to which Defendant is entitled under that section.

EE.  **REQUEST FOR NOTICE UNDER RULE 404 (b) PRIOR BAD ACTS**

Comes now Rick D. Collum, attorney for Defendant named above, and requests the Court to order the Government to provide pretrial notice of any evidence which the Government intends

to introduce under Rule 404(b).

      This 2<u>nd</u> day of November, 2020.

                By:     <u>   s/ Rick D. Collum      </u>
                        Rick D. Collum
                        Georgia Bar No. 178908
                        Attorney for Defendant

**THE COLLUM LAW FIRM. P.C.**
P.O. BOX 1867
MOULTRIE, GA 31776
Tele:  (229) 529-5430
Fax:  (800) 548-1527

**CERTIFICATE OF SERVICE**

I, Rick D. Collum, hereby certify that on the 2nd  day of November, 2020, I electronically filed the within and foregoing **CONSOLIDATED MOTION FOR DISCOVERY** with the clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Katelyn Semales
Assistant U.S. Attorney

This 2nd  day of November, 2020.

                                  s/ Rick D. Collum
                                 Rick D. Collum